UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD L FOX, JR. ,

        Plaintiff,

v.                              Case No.:  2:20-cv-720-FtM-38MRM

USAA CAUSALITY INSURANCE
COMPANY,

        Defendant.

_____/

## ORDER[1]

Before the Court is Defendant USAA Causality Insurance Company's Notice of Removal. (Doc. 1).  This breach of contract suit stems from damage that Hurricane Irma caused to Plaintiff Edward L. Fox, Jr.'s home.  Plaintiff sued Defendant in state court alleging that Defendant has refused to pay the full replacement cost value to Plaintiff under an insurance policy.  Defendant then removed the case to this Court based on diversity jurisdiction.

Removal permits a defendant to move a case from state court to a federal district court when the federal court has original subject matter jurisdiction over the suit.  28 U.S.C. § 1441(a).  "A removing defendant bears the burden of proving proper federal jurisdiction."  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  "Because removal jurisdiction raises significant federalism concerns, federals courts are directed to construe removal statutes strictly" and resolve "all doubts about jurisdiction . . . in favor of

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).  Diversity jurisdiction is one type of original jurisdiction.  And a federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties are citizens of different states. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

Here, Defendant has not shown a diversity of citizenship between the parties.  All Defendant says is "Plaintiff is a Citizen and resident of the State of Florida." (Doc. 1 at 2). But individuals are citizens where they are domiciled, not necessarily where they are residents.  *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  Because there are no allegations to support Plaintiff's domicile, Defendant has not adequately pleaded diversity of citizenship.  In addition, for both original and removal diversity jurisdiction, a corporation is deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). Defendant only says it is a Texas Corporation (Doc. 1 at 2). Defendant must plead its principal place of business to comply with 28 U.S.C. § 1332(c).  Without showing diversity of citizenship, this Court lacks subject matter jurisdiction over this case.

Accordingly, it is now

**ORDERED:**

Defendant Metropolitan Group Property and Casualty Insurance Company must **SUPPLEMENT** the Notice of Removal on or before **October 2, 2020,** to show cause why this case should not be remanded for lack of subject matter jurisdiction.  **Failure to comply with this Order will cause this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of September 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record